THE STATE, JOSEPH SNOVER, PROSECUTOR, v. SAMUEL TINSMAN.

1. An affidavit filed for appeal from a judgment in a justices' court on the verdict of a jury in these words: "The defendant verily believes that he hath a just and legal defence to make upon the merits of the appeal," &c., is sufficient.
2. An order of the Common Pleas dismissing an appeal may be reviewed by *certiorari*.

On *certiorari*.

Argued at June Term, 1875, before Justices WOODHULL and REED.

For the prosecutor, *Luse*.

For the defendant, *J. G. Shipman*.

The opinion of the court was delivered by

REED, J. An appeal was taken to the Common Pleas of Warren county from a judgment entered before a justice on the verdict of a jury.

The appellant filed an affidavit for appeal in these words: "He verily believes that he hath a just and legal defence to make upon the merits of the appeal, and that the above appeal is not intended for the purpose of delay."

The Court of Common Pleas dismissed the appeal, on the ground that the form of the affidavit was not in conformity with section forty-three of the justices' court act.

The earlier cases required strict verbal conformity to the act. *Engle* v. *Blair*, 6 *Halst.* 339; *Schenck* v. *Ayers*, 2 *Green* 311.

This rigid rule was modified in the case of the *Steamboat and Canal Co.* v. *Baldwin*, 2 *Green* 442.

Chief Justice Hornblower said: "The act does not prescribe a form. It is rather directory. The object of the legislature was to prevent the abuse of the appellant's privileges for the mere purpose of vexation and delay. To effect that object, they require an affidavit that the appeal is not prosecuted for the purpose of delay, and that the party believes he has a just and legal defence or ground of appeal on the merits. If these two facts are plainly and unequivocally sworn to, it is sufficient."

These two facts appear in the affidavit in the present case: "That the appeal is not intended for the purpose of delay," is in the words of the act. Again, the appeal is a trial *de novo*. The word "appeal" on the affidavit means the action in the court above. The appellant is the defendant in such action. That he hath a just and legal defence upon the merits of the appeal, *i. e.*, upon the actions thus re-tried, is the obvious meaning of the affidavit. It is a substantial compliance with the statute, and the dismissal was erroneous.

But it is urged, that the action of the court is remediable by *mandamus* only.

It is true that this writ has been frequently used to compel the re-instatement of an appeal. *Strader* v. *Freeholders of Sussex*, 3 *Green* 433; *Dyer* v. *Ludlum*, 1 *Harr.* 531; *Adams* v. *Mathis*, 3 *Ib.* 310; *Case* v. *Rowland*, 2 *Ib.* 76; and cases cited in *Moses on Mandamus* 27–31.

It has never been intimated, however, that for this or any other reason, an order of dismissal was not reviewable by *certiorari*.

The following are cases where similar orders have been reviewed by this writ. *Obert* v. *Whithead*, 4 *Halst.* 244;

*Philhower* v. *Voorhees,* 7 *Ib.* 69 ; *Lamberson* v. *Owen,* 2 *Green* 504.

For the reason that *certiorari* lies to review such an order, it seems difficult, on principle, to understand how the writ of *mandamus* came into use, further to compel the appellate court to proceed after the order of dismissal had been reversed upon *certiorari.*    *Moses on Mandamus* 29.

Its use, however, both to review the order of dismissal and to compel the court to proceed to hear the cause, is too well established to be now questioned.

Either writ can be resorted to by the party improperly dismissed.

The order of dismissal should be set aside, with costs, and the case remitted to the Warren Common Pleas.